Whitestone Constr. Corp. v F.J. Sciame Constr. Co. Inc. (2021 NY Slip Op 03130)





Whitestone Constr. Corp. v F.J. Sciame Constr. Co. Inc.


2021 NY Slip Op 03130


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 654109/19 Appeal No. 13814 Case No. 2020-03976 

[*1]Whitestone Construction Corp., Plaintiff-Appellant,
v
F.J. Sciame Construction Co. Inc., Defendant-Respondent.


Goetz Fitzpatrick LLP, New York (Gary M. Kushner of counsel), for appellant.
Zetlin & De Chiara LLP, New York (James J. Terry of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered July 10, 2020, which, insofar as appealed from as limited by the briefs, granted defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the cause of action for breach of the implied covenant of good faith and fair dealing, unanimously reversed, on the law, with costs, and the motion denied.
Plaintiff is a subcontractor and defendant is the construction manager on a construction project undertaken for the City University of New York, run under the auspices of the project's owner, City University Construction Fund (CUCF). The parties' contract contains an alternative dispute resolution clause (ADR). When there were changes to the scope of work contained in the original construction documents, defendant was required to consider a proposed change order (PCO) for plaintiff to perform the extra work, and then either approve or reject it. If defendant rejected the PCO, then plaintiff's exclusive remedy was to send a Notice of Dispute to defendant, who was obligated to convey the Notice to CUCF. CUCF would then resolve the dispute. If CUCF ruled against plaintiff then plaintiff could seek review pursuant to CPLR article 78.
Plaintiff alleges that defendant violated the covenant of good faith and fair dealing implied in their contract by failing to act on certain PCOs, and unreasonably delaying action on others. Plaintiff argues that defendant's actions prevented CUCF from acting on plaintiff's PCO, which effectively denied plaintiff's their contractual rights of review (see Van Valkenburg, Nooger & Neville v Hayden Publ. Co., 39 NY2d 34, 45 [1972], cert denied 409 US 875 [1972]). Ultimately plaintiff's argument is that defendant's actions frustrated its ability to utilize ADR provided under the contract.
While acknowledging that every contract, including this one, has an implicit duty of good faith and fair dealing, defendant argues that a dispute based upon a breach of that implicit duty must be resolved under the broad and exclusive ADR provisions. Defendant argues the claims may not be asserted in this plenary action. Although the ADR provision expressly covers disputes regarding the construction manager's duties, it is not sufficiently clear and explicit to cover a claim that the construction manager's actions frustrating access to ADR must be resolved by the very procedure the construction manager may be frustrating (see Navillus Tile Inc. v Bovis Lend Lease LMB, Inc., 74 AD3d 1299 [2d Dept 2010]). Defendant also seeks dismissal of the complaint based upon documentary evidence. The change logs and emails submitted by defendant for the purpose of refuting plaintiff's allegations as to defendant's bad faith frustration of the contractual alternative dispute resolution procedures, however, do not qualify as documentary evidence properly considered on this motion to dismiss, because they do not contain facts that are essentially undeniable (CPLR 3211[a][1]; [*2]see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431 [1st Dept 2014]). Moreover, the documents, which relate to some but not all, of the PCOs do not utterly refute plaintiff's claims (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Thus, defendant failed to conclusively demonstrate, as matter of law, that it did not frustrate the purpose of the dispute resolution process.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021